**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDY MALDONADO GUZMAN** | : | |
| Petitioner, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.  26-4502** |
| | : | |
| **J.L. JAMISON, et al.** | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 6th day of July, 2026, upon the petition for a writ of habeas corpus, and the response thereto, it is hereby **ORDERED as follows**:

1. The petition (ECF No. 1) is **GRANTED** for the reasons in the accompanying memorandum.

2. Respondents shall **IMMEDIATELY RELEASE** Maldonado Guzman from custody and certify compliance with this Order by a filing on the docket by **July 7, 2026 at 12:00 p.m.** regarding Maldonado Guzman's custody status. Respondents shall return to Maldonado Guzman immediately upon his release all personal belongings confiscated upon or during his detention, including his identification documents.

3. Respondents are **ENJOINED** for a period of seven days following Maldonado Guzman's release from custody pursuant to this order from detaining Maldonado Guzman based on the same putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[1]

---

[1] Maldonado Guzman is not subject to mandatory detention under 8 U.S.C. § 1225. If Maldonado Guzman is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the

4.  If the government seeks to detain Maldonado Guzman after the period of seven days, it must provide him with a bond hearing within 48 hours of his detention. If no bond hearing is provided within 48 hours, Maldonado Guzman's remedy will recur.

5.  The Clerk is **DIRECTED** to close this case.

**BY THE COURT:**

/s/ Catherine Henry

**CATHERINE HENRY, J.**

---

seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.